UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN KIMBLE,**

    **Plaintiff,**

CASE NO: 1:14-cv-01247

v.

Hon.

**NEWCO INDUSTRIES, LLC** and
**TARA STRONG,** jointly and severally,

    **Defendants.**

_____/

Dustin Ehnis, P.C.
By Dustin Ehnis
Attorney for Plaintiff
3900 Francis St.
Jackson, MI 49203
517-788-9250

_____/

## COMPLAINT AND JURY DEMAND

### COMPLAINT

**NOW COMES** Plaintiff, **JOHN KIMBLE**, by and through his attorney, Dustin Ehnis, and states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act (ADA), 42 USC 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5.

2. This Honorable Court has jurisdiction pursuant to the following statutes:

1

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

4. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this claim.

5. Plaintiff received notification of the right-to-sue letter from the EEOC on September 5, 2014, and has filed this complaint within 90 days of receiving the EEOC's notice of right to sue (Exhibit 1).

6. Plaintiff is a citizen of the United States and the State of Michigan and resides at 25680 M-60 East, Homer, Michigan.

7. All the discriminatory employment practices alleged in this complaint occurred within the State of Michigan.

8. Defendant, Newco Industries, LLC, is a limited liability company with its office and principle place of business in Litchfield, Michigan.

9. Defendant, Newco Industreis, LLC, is a *person* within the meaning of §101(7) of the ADA, 42 USC 12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

10. Defendant, Newco Industreis, LLC, meets all of the requirements for employer status under the ADA, 42 USC 12111(5)(A).

## GENERAL ALLEGATIONS

11. Plaintiff was hired by Defendant on January 21, 2013 and worked for Defendant until August 2, 2013 as a full time powder coat employee (Exhibit 2, p. 6).

12. Plaintiff developed a rash from the paint he used while employed with Defendant (Exhibit 2, pp. 10-11).

13. Plaintiff was taken to Prompt Care and subjected to a drug test according to Defendant's company policy (Exhibit 2, p. 11).

14. Because Plaintiff uses marijuana to treat severe, chronic pain, he tested positive for marijuana metabolites (Exhibit 2, p. 74).

15. Even though Plaintiff notified Defendants that he had a medical marijuana card, he was terminated on August 2, 2013 for failing his drug test (Exhibit 2, pp. 8, 54).

## COUNT I
## VIOLATION OF ADA

16. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

17. At all relevant times, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 USC 12102(2). Specifically, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of impairment, and is regarded by Defendant as having the impairment.

18. Plaintiff is a *qualified individual with a disability* as that term is defined in the ADA 42 USC

12111(8), who, with reasonable accommodation, can perform the essential functions of his job as a powder coat employee and had been doing so for over six months at the time of his termination (Exhibit 2, p. 6).

19. When Defendant, Newco Industries, LLC, learned that Plaintiff used marijuana for medicinal purposes, it failed to investigate his use in an effort to find a reasonable accommodation, and instead, terminated him immediately (Exhibit 2, pp. 8, 54).

20. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment, and this conduct constitutes a violation of the ADA 42 USC 12112(b)(5)(A).

21. Defendant has failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation for Plaintiff.

22. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

23. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused and continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II
### VIOLATION OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

24. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

25. Defendants, Newco Industries, LLC and Tara Strong, are *person*s as defined by the Persons with Disabilities Civil Rights Act (PDCRA) MCL § 37.1103(g).

26. Plaintiff is a *person with a disability* as defined by the PDCRA MCL § 37.1103.

27. When Defendants learned that Plaintiff used marijuana for medicinal purposes, they failed to investigate his use in an effort to find a reasonable accommodation, and instead, terminated him immediately (Exhibit 2, pp. 8, 54).

28. Because Defendants failed to accommodate Plaintiff for the purposes of employment they have violated the PDCRA MCL § 37.1102.

29. As a direct and proximate result of Defendants' violations of the PDCRA, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendants' failures to make reasonable accommodation to Plaintiff have caused and continue to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III
## VIOLATION OF MICHIGAN MEDICAL MARIJUANA ACT

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

31. Plaintiff is a *qualifying patient* as defined by the Michigan Medical Marihuana Act (MMMA) MCL § 333.26423.

32. Defendant, Newco Industries, LLC, is a business that operates in the State of Michigan.

33. Defendant terminated Plaintiff for his use of marijuana even though he notified Defendant that he used marijuana for medical purposes (Exhibit 2, p. 8).

34. Defendant violated the MMMA MCL § 333.26424 when it subjected Plaintiff to disciplinary action for his use of medical marijuana.

35. As a direct and proximate result of Defendant's violation of the MMMA, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's total disregard for Plaintiff's rights under the MMMA has caused and continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### REQUEST FOR RELIEF and JURY DEMAND

**Therefore**, Plaintiff requests an order from this Honorable Court:

1. Reinstating Plaintiff to an appropriate position with Defendant,

2. Awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter,

3. Awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter,

4. Awarding Plaintiff attorney fees, costs of litigation, and interest, and

5. Granting Plaintiff further relief that it deems just and equitable.

**Also**, Plaintiff demands a jury trial of this matter.

Dated: December 4, 2014

By: _____
Dustin Ehnis P71643
Attorney for Plaintiff